**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3744
_____

JOHN TEDESCO; TINA TEDESCO

v.

MONROE COUNTY; MICHAEL MANCUSO, ASSISTANT DISTRICT ATTORNEY;
KELLY LOMBARDO, ASSISTANT DISTRICT ATTORNEY

John Tedesco,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cv-01282)
District Judge: Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 10, 2018
Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: May 18, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant John Tedesco[1] appeals the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2013, Tedesco was charged with third-degree murder, neglect of a care-dependent person, and several other offenses for his role in the death of an elderly, disabled woman. Among the other charges was "criminal conspiracy," which was charged in the criminal complaint as follows:

> The District Attorney of Monroe County by this information charges that on or about January 1, 2009, through August 19, 2011, [John Tedesco] along with his wife, Tina Tedesco, did agree to keep the victim, Barbara Rabins, a depend[e]nt care person, in a place of seclusion or isolation and subjected the said victim to the prolonged denial of adequate food, hydration, care and concern, all despite being under a legal obligation to care for the victim. The victim died as a result. During the period of their control over the victim, [John] and Tina Tedesco stole approximately $110,000.00 of the victim's finances.

D.C. dkt. #1-1 at 38.

Tedesco interprets this count to charge only conspiracy to commit neglect of a care-dependent person. At trial, however, he says that the jury was asked to return a verdict on both conspiracy to commit third-degree murder and conspiracy to commit

---

[1] Tedesco seeks also to litigate this appeal on behalf of his wife, Tina Tedesco, but it is well settled that an individual proceeding pro se may not represent third parties in federal court. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). We will therefore treat John Tedesco as the sole appellant.

2

neglect of a care-dependent person; the jury found Tedesco guilty of both conspiracy offenses (as well as the related substantive offenses).[2]

Tedesco filed this action under 42 U.S.C. § 1983, alleging that the prosecutors committed misconduct by "amending" the criminal information to charge him with this additional conspiracy count and violated his rights under the Double Jeopardy Clause by converting a single count of conspiracy into multiple charges. He sought to be released from prison and to be awarded money damages for his "illegal incarceration." The District Court dismissed the complaint. Tedesco filed a motion for reconsideration under Fed. R. Civ. P. 59(e), which the District Court denied. Tedesco then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the denial of a motion for reconsideration for abuse of discretion, see Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's analysis of this case. Tedesco's claims, without exception, present frontal attacks on his still-valid state conviction—indeed, he explicitly asks to have his conviction and sentence set aside. He must assert these claims via a petition under 28 U.S.C. § 2254, not in a § 1983 complaint. See Heck v.

_____

[2] The Superior Court affirmed Tedesco's criminal judgment, and explicitly rejected his challenge to the criminal information. See Commonwealth v. Tedesco, No. 787 EDA 2016, 2017 WL 568538, at *2 (Pa. Super. Ct. Feb. 13, 2017). The Pennsylvania Supreme Court denied permission for allowance of appeal, see Commonwealth v. Tedesco, 170 A.3d 1060 (Pa. 2017), and the United States Supreme Court denied certiorari, see Tedesco v. Pennsylvania, No. 17-7956, 2018 WL 1994834, at *1 (U.S. Apr. 30, 2018).

3

Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

As the Supreme Court has explained, "a state prisoner's § 1983 action is barred (absent

prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit . . .—if success in that action would necessarily

demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544

U.S. 74, 81–82 (2005).  Tedesco's claims challenging the validity of his conspiracy-to-

commit-third-degree-murder conviction are therefore barred under this rule.[3]

Moreover, in his Rule 59(e) motion, Tedesco did not identify any error of fact or

law in the District Court's dismissal order, and the Court therefore did not err in denying

that motion.  See generally Max's Seafood Cafe ex rel. Lou–Ann, 176 F.3d at 677.

Accordingly, we will summarily affirm the District Court's judgment.

---

[3] Further, because Tedesco's proposed amended complaint merely reasserted these same barred claims, we are satisfied that the District Court did not err when it did not give Johnson leave to amend.  See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

4